**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RICHARD P. GLUNK,                   :
                                    :        CIVIL ACTION NO. **1:CV-14-0659**
                                    :
            Plaintiff               :        (Judge Kane)
                                    :
            v.                      :        (Magistrate Judge Blewitt)
                                    :
                                    :
PA STATE BOARD OF MEDICINE, *et. al*, :
                                    :
                                    :
            Defendants              :

**REPORT AND RECOMMENDATION**

**I.      PROCEDURAL BACKGROUND.**

On April 7, 2014, Plaintiff, Richard P. Glunk, M.D., a resident of Malvern, Pennsylvania

("PA"), filed, *pro se*, the instant civil rights action, pursuant to 42 U.S.C. § 1983, alleging violations

of the Due Process Clause of the Fourteenth Amendment.  (Doc. 1).  Plaintiff's Complaint consists

of 18 typed pages. Plaintiff paid the filing fee.

Plaintiff names the following nine (9) Defendants: PA State Board of Medicine ("Board"); PA

Department of State; Joyce McKeever, hearing officer (and former Deputy Chief Counsel) for the

PA Department of State; Ollice Bates, Jr., M.D., member of the PA State Board of Medicine; Sara

Petrosky, member of the PA State Board of Medicine; Kerry Maloney, prosecutor for the PA

Department of State; Andrew Demarest, prosecutor for the PA Department of State; David Grubb,

prosecutor for the PA Department of State; and Mark Greenwald, prosecutor for the PA

Department of State. Plaintiff sues the individual Defendants in both their official and personal

capacities.

Plaintiff filed one Exhibit (A) with his Complaint. (Doc. 1-1).  Plaintiff's Exhibit is a copy of the Board's February 23, 2009 Final Order adopting the Hearing Examiner's Proposed Adjudication and Order which found that the Commonwealth failed to prove Plaintiff was guilty of unprofessional conduct when he operated an Ambulatory Surgical Facility ("ASF") without being licensed to do so.  Thus, the Board dismissed the disciplinary charges the Commonwealth asserted against Plaintiff for failing to document the quality and color of the aspirate taken from a patient during liposuction surgery.  Defendant Bates, a Chairman of the Board, co-signed the Board's February 23, 2009 Final Order. One of the prosecuting attorneys for the charges against Plaintiff was Defendant Maloney.

This Court has jurisdiction over this action based on 28 U.S.C. § 1331 and §1343(a).

The Summons was issued and Plaintiff's Complaint was served on Defendants. Counsel for all Defendants entered an appearance and waived service. (Docs. 2, 4 & 5).  On June 12, 2014, Defendants jointly filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, Motion for Summary Judgment under Rule 56.  **(Doc. 6).**   On June 24, 2014, Defendants filed their support brief with Exhibits.  (Docs. 7 & 7-1, pp. 1-54).  After being granted an extension of time, Plaintiff filed his opposition brief on August 26, 2014. (Doc. 10).   On September 8, 2014, Defendants filed a reply brief.

On September 22, 2014, Plaintiff filed a Motion for Leave of Court to file a Sur-Reply Brief with his proposed Sur-Reply Brief attached as Ex. A.  **(Doc. 12)**.  Plaintiff states that Defendants "lied in their reply brief when they stated that 'Plaintiff also claims that prior to his hearing the

Hearing Examiner substituted new charges against him ... .'" Plaintiff maintains that he was never charged with the disciplinary charge used by the Board to suspend his medical license before his hearing.   We will recommend that the Court grant Plaintiff's Motion for Leave of Court to file a Sur-Reply Brief and consider Plaintiff's Sur-Reply Brief.

Defendants' Motion to Dismiss Plaintiff's Complaint (**Doc. 6**) is ripe for review.[1]

Defendants contend that Plaintiff's Complaint should be dismissed since it is barred by the *Rooker-Feldman* doctrine and the doctrine of *res judicata*.  As discussed below, we agree with Defendants  that Plaintiff's Complaint should be dismissed since the claims are barred by the *Rooker-Feldman* doctrine and by the  doctrine of *res judicata*. Thus, we agree with Defendants and shall recommend that their Motion to Dismiss Plaintiff's Complaint (**Doc. 6**) be granted and, that all of Plaintiff's constitutional claims be dismissed with prejudice.

## II.     FACTUAL BACKGROUND.

As stated, Plaintiff filed  Exhibit A  with his Complaint (Doc. 1-1) which is a copy of the Board's February 23, 2009 Final Order adopting the Hearing Examiner's Proposed Adjudication and Order which found that the Commonwealth failed to prove Plaintiff was guilty of unprofessional conduct.

Subsequently, on September 11, 2009, the Commonwealth filed another Order to Show Cause against Plaintiff again charging that he was subject to disciplinary action.  On December 2, 2010, the Board issued an Order suspending Plaintiff's license to practice medicine in PA for  60

---

[1] The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

days. Plaintiff then appealed the Board's Order to the PA Commonwealth Court.

Exhibit A submitted by Defendants with their Motion to Dismiss (Doc. 7-1) is a copy of the Opinion of the PA Commonwealth Court filed June 15, 2011, regarding Plaintiff's Petition for Review of the Board's December 2 and 28, 2010 Orders suspending his license to practice medicine for 60 days since the Board found that Plaintiff's conduct adversely affected the health, welfare or safety of the citizens of PA pursuant to 49 PA. Code §16.61(b)(2), and denying his motion to open the record. Plaintiff argued in his state court appeal of the Board's Orders that the Commonwealth failed to sufficiently prove its disciplinary charge against him.  The Commonwealth Court disagreed with Plaintiff and affirmed the Orders of the Board suspending his license to practice medicine for 60 days.

The Commonwealth Court stated the following factual background of Plaintiff 's case:[2]

> [Plaintiff] Glunk presents four issues for this Court's review: (1) whether the Commonwealth proved that [Plaintiff's] conduct adversely affected the health, welfare or safety of the citizens of  the Commonwealth[;] (2) whether the delegation of this matter from the Board to a hearing examiner deprived [Plaintiff] of his right to a Medical Board of Review of the prior hearing examiner's decision[;] (3) whether the hearing examiner improperly denied [Plaintiff's] motion to open the record[;] and (4) whether the presiding hearing examiner erred in finding that [Plaintiff] wrote a check to Congregation Beth Solomon Community Center. For the following reasons, we affirm the orders of the Board.
>
> [Plaintiff] held a license to practice medicine and surgery in [PA] since July 8, 1983.  In November of 2006, [Plaintiff] was a Defendant in a medical malpractice case filed by the parents of Amy Fledderman, an 18 years old patient who died on May 23, 2001, following liposuction performed by [Plaintiff]. [Plaintiff's] medical malpractice insurance carrier tendered the policy limits in the lawsuit, and advised [Plaintiff] that if a verdict was returned in excess of the policy limits, he would be responsible for the excess, on

---

[2]*See also* Plaintiff's Complaint, Doc. 1, pp. 5-10.

August 8, 2005, [Plaintiff] filed for bankruptcy to protect his assets. On November 22, 2006, the Commonwealth [through Defendant prosecutors Maloney, Demarest and Grubb] filed an Order to Show Cause against [Plaintiff] charging that he was subject to disciplinary action as a result of the treatment of Amy Fledderman and two other patients. On May 23, 2008, a jury returned a verdict for the Plaintiffs in the Fledderman matter. On September 22, 2008, the Order to Show Cause against [Plaintiff] was dismissed.

On September 11, 2009, the Commonwealth filed another Order to Show Cause against [Plaintiff] charging that he was subject to disciplinary action as a result of unprofessional and immoral conduct consisting of meeting with a Board member, making a contribution to the Board member's synagogue with intent to influence the Board member in a matter pending before the Board wherein [Plaintiff] was the Respondent. A formal hearing was held on February 16 and 17, 2010[,] before a hearing examiner. On December 1, 2010, the Board issued an order suspending [Plaintiff's] license to practice medicine in [PA] for a period of 60 days. [Plaintiff's] appeal of that order is now before this [Commonwealth] Court.[FN 1]

[FN 1] This [Commonwealth] Court's scope of review in an appeal of an order of the State Board of Medicine is limited to determining whether necessary findings of fact are supported by substantial evidence, **whether constitutional rights have been violated**, or whether an error of law was committed. *Telesford v. Bureau of Prof'l and Occupational Affairs, State Bd. of Med.*, 916 A.2d 1218 (Pa. Cmwlth. 2007). [emphasis added].

[Plaintiff] also filed a Motion to Stay, and a Motion to Open the Record to Allow Presentation of Additional Limited Evidence and for Ancillary Interim Relief. The Board ordered a limited stay, sufficient to allow this Court to decide the matter, and, on December 28, 2010, denied the motion to open the record. [Plaintiff] amended his Petition for Review to include the denial of his motion to open the record, and filed a motion to stay with this Court. On January 31, 2011, this Court granted [Plaintiff's] motion to stay pending resolution of this matter.

[Plaintiff] argues that the Commonwealth did not sufficiently prove that his conduct adversely affected the health, welfare or safety of the citizens of PA pursuant to 49 PA. Code §16.61(b)(2). We disagree.

Thus, as stated, the Commonwealth Court issued an Order on June 15, 2011, and affirmed

the December 2 and 28, 2010 Orders of the hearing examiners on behalf of the Board suspending

Plaintiff's license to practice medicine for 60 days .[3]   After the Commonwealth Court denied Plaintiff's appeal, Plaintiff requested re-argument *en banc* and on July 28, 2011, the Commonwealth Court denied this request.

Plaintiff then filed a Petition for Allowance of appeal with the PA Supreme Court and it was denied on April 11, 2012.  (Doc. 10, pp. 6-7).

In his present §1983 civil rights Complaint, Plaintiff essentially claims that his due process rights were violated during the disciplinary proceedings before the Board instituted against him by the Commonwealth.  In particular, Plaintiff claims that he was denied a fair hearing before a neutral and unbiased arbiter.

## III.   STANDARDS OF REVIEW.

### A.   SECTION 1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Kaucher v. County of Bucks*, 455 F.3d at 423. Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *see also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005);

---

[3]Defendants also attached a copy of the December 2, 2010 Final Adjudication and Order of  hearing examiner Defendant McKeever, filed on behalf of the Board, suspending Plaintiff's license to practice medicine in PA for 60 days. (Doc. 7-1, Ex. B).

*Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").   "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.*  Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**B.**      ***RULE 12(b)(6) MOTION TO DISMISS STANDARD***

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* [556 U.S. 662], 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the

court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

Also, the *Reisinger* Court stated:

> Where  the parties submit exhibits with their filings, a court must determine what documents may be considered with a motion to dismiss. In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure, the Third Circuit Court of Appeals had held that "a court can consider certain narrowly defined types of material without converting the motion to dismiss" to one for summary judgment. *In re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 287 (3d Cir. 1999). **Specifically, a court can consider "a document integral to or explicitly relied upon in the complaint ... [and] an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."** ( *Id.* (internal citations and quotation omitted).) The Circuit Court explained the rationale for these exceptions: "the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." FN11 *Id.* (internal citations and quotations omitted).) Matters of public record, including government agency records and judicial records, may be considered. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 257 n. 5 (3d Cir.2006) (citation omitted); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

*Id.*(emphasis added).

We will consider the Exhibit attached to Plaintiff's Complaint as well as the Exhibits submitted by Defendants with respect to their Motion to Dismiss.  *See Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d at 1196.   We find the Exhibits submitted by both parties largely consist of  copies of the Board's decisions and Orders  regarding the disciplinary proceedings instituted against Plaintiff as well as the state court opinion.  As such, we take judicial notice of these

documents.  *See Jarvis v. Analytical Lab Servs.*, 499 Fed.Appx. 137, 139 n. 2 (3d Cir. 2012).  Also, Plaintiff's instant claims are based  upon the documents.

## IV.    DISCUSSION.

Since Plaintiff has filed a *pro se* Complaint raising, in part,  constitutional claims, the Court is required to hold his pleading  to a less stringent standard.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972).  As mentioned, Plaintiff raises §1983 claims alleging that his license to practice medicine was suspended without affording him his due process rights in violation of the Fourteenth Amendment.  As relief, Plaintiff seeks compensatory and punitive damages.

As stated, Plaintiff sues the individual state actor Defendants in both their  official and personal capacities.   Initially, we find that all of Plaintiff's claims for monetary damages against the individual Defendants in their official capacities must be dismissed with prejudice since they are deemed to be claims against the State itself and are barred by the Eleventh Amendment.  To the extent that Plaintiff is seeking monetary damages (both compensatory and punitive) against the state actor Defendants in their official capacities with respect to his constitutional claims, the law is clear that such a request for relief should be dismissed with prejudice since Plaintiff can only seek monetary damages from Defendants in their personal or individual capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010);  *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009);   *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009)("The Eleventh Amendment precludes private federal litigation  against a state and its agencies.").

10

The law is well-settled that Plaintiff cannot seek monetary damages against the state actor Defendants in their official capacities.  As such, insofar as Plaintiff is seeking monetary damages against the state actor Defendants in their official capacities,  these claims should be dismissed with prejudice as it would be futile for the Court to allow Plaintiff leave to amend these damages claims based on the Eleventh Amendment.

Moreover, we find that insofar as Plaintiff names as Defendants the PA State Board of Medicine and the PA Department of State and, he asserts constitutional claims against these state agencies, these claims are barred under the Eleventh Amendment.

In *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 694-695 (W.D. Pa. 2009), the Court stated:

> A state is deemed to be the real party in interest when a lawsuit is brought against an agency that is considered to be an "arm" of the state. See *Regents of Univ. Of Cal. v. Doe*, 519 U.S. 425, 430, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); *Benn*, 426 F.3d at 241. The United States Court of Appeals for the Third Circuit has recognized that "[t]he Commonwealth vests judicial power in a unified judicial system, and all courts and agencies of the [unified judicial system] are part of the Commonwealth government rather than local entities." *Haybarger*, 551 F.3d at 198 (3d Cir.2008) (citing *Benn*, 426 F.3d at 240-41 and Pa. Const. art. V, § 1). The Court of Appeals has also found that "Pennsylvania's judicial districts ... are entitled to Eleventh Amendment immunity." *Id.* Moreover, "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes." *Callahan v. City of Philadelphia*, 207 F.3d 668, 674 (3d Cir.2000).

We find that insofar as Plaintiff raises constitutional claims against Defendants the PA State Board of Medicine and the PA Department of State, they are barred under the Eleventh Amendment. Plaintiff alleges that "Defendant, the [PA] State Board of Medicine is a politically-appointed group with the power to suspend a [PA] physician's medical license."  Plaintiff alleges

that "Defendant, the [PA] Department of State is the employer of the [PA] State Medical Board, Joyce McKeever, Kerry Maloney, Andrew Demarest, Mark Greenwald, and David Grubb and has the power to suspend or revoke [PA] physician's medical licenses."  (Doc. 1, p. 4, ¶'s 13-14). Based on *MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 502 (3d Cir. 2001), because  the PA State Board of Medicine and the PA Department of State are agencies of the Commonwealth of Pennsylvania, this Court's jurisdiction over these state Defendants is barred by the Eleventh Amendment of the United States Constitution, and all claims against these Defendants are subject to dismissal.

In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), this Court held that:

> The Eleventh Amendment precludes private federal litigation against a state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a jurisdictional bar subject to only two exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment, or (2) a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well settled that Congress had no intention to abrogate the states' sovereign immunity by enacting § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  Furthermore, Pennsylvania has unequivocally withheld its consent to such suits. See 42 PA. CONS. STAT. § 8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

*See also Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3.

Thus, we find that any constitutional claims Plaintiff raises  against  the PA State Board of

Medicine and the PA Department of State are barred by the Eleventh Amendment and that these Defendants are not "persons" under §1983. *See Democracy Rising PA v. Celluci, supra; Beattie v. DOC SCI-Mahanoy, supra; Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 694-695 (W.D. Pa. 2009). Therefore, we will recommend that Defendants PA State Board of Medicine and the PA Department of State be dismissed with prejudice since we find futility in allowing Plaintiff to amend his constitutional claims against these Defendants. *See Democracy Rising PA v. Celluci, supra*.

With respect to their Motion to Dismiss, Defendants first argue that Plaintiff's action raising constitutional claims which essentially challenge the administrative decisions of the individual Defendants and the Board to file disciplinary charges against him, the conduct of Defendants during the administrative process and the Order suspending his medical license for 60 days as well as Plaintiff's challenge of the Commonwealth Court's decision affirming the Board's Orders are entirely barred under the *Rooker-Feldman* doctrine. At the outset, we agree with Defendants that the *Rooker-Feldman* doctrine does not apply to state administrative decisions. However, we also agree with Defendants that "a decision of an administrative agency [such as the Board] which is subsequently reviewed and upheld by a state court [here the Commonwealth Court] does implicate the *Rooker-Feldman* doctrine." (Doc. 7, p. 5). *See Moreno v. Penn Nat. Gaming, Inc.*, 904 F.Supp.2d 414, 422 (M.D.Pa. 2012)("If, however, a decision of an administrative agency is subsequently reviewed and upheld by a state court, then the *Rooker-Feldman* doctrine would apply.")(citation omitted). Thus, "the *Rooker-Feldman* doctrine does not apply to *unreviewed* administrative decisions." *Id.*(emphasis original).

Therefore, we agree with Defendants that the *Rooker-Feldman* doctrine can be applied in Plaintiff's case since the decision and Orders of the Board were subsequently reviewed and upheld by the PA Commonwealth Court.  (*Id.*). *See Moreno v. Penn Nat. Gaming, Inc.*, 904 F.Supp.2d at 422.  We further agree with Defendant that *Rooker-Feldman* doctrine does in fact bar our Plaintiff's claims, in part, since "Plaintiff is asking this [federal] Court to review the Commonwealth Court's upholding of the decision by the Board to suspend his [medical] license."  Also, as stated the PA Supreme Court denied Plaintiff's Petition for Allowance of Appeal regarding the decision of the Commonwealth Court.  Additionally, as Defendants point out, the record shows that Plaintiff had a full and complete opportunity to present his defense regarding the disciplinary charges issued against him by Defendants and "[a]ny and all perceived procedural abnormalities concerning [his disciplinary hearing] could have been, and were raised on appeal to the Commonwealth Court." (*Id.*, p. 6).  *See* Exhibit A submitted by Defendants with their Motion to Dismiss (Doc. 7-1, Ex. A), namely, a copy of the Opinion of the PA Commonwealth Court filed June 15, 2011, regarding Plaintiff's Petition for Review, in which the Court affirmed the Board's December 2 and 28, 2010 Orders suspending Plaintiff's license to practice medicine for 60 days.  In fact, as quoted above, the Commonwealth Court noted in its Opinion,"[t]his Court's scope of review in an appeal of an order of the State Board of Medicine is limited to determining whether necessary findings of fact are supported by substantial evidence, **whether constitutional rights have been violated**, or whether an error of law was committed.  *Telesford v. Bureau of Prof'l and Occupational Affairs, State Bd. of Med.*, 916 A.2d 1218 (Pa. Cmwlth. 2007)."  (Doc. 7-1, Ex. A, p. 3, FN 1)(emphasis added).  The Commonwealth Court also stated in its Opinion,"that [Plaintiff] Glunk had a full and

14

fair opportunity to present his own testimony at a hearing before a hearing examiner and chose not to, ... ." (Id., p. 7). Further, the Commonwealth Court found that the Board's decision and Orders that Plaintiff's conduct adversely affected the health, welfare or safety of the citizens of the Commonwealth Court was sufficiently proved by Defendants and was supported by substantial evidence. (Doc. 7-1, Ex. A). The PA Supreme Court then denied Plaintiff's request for allowance of appeal.

In *Goodson v. Maggi*, 2011 WL 2533286, *7 (W.D. Pa. 6-23-11), the Court stated:

> [The Third Circuit Court of Appeals has] established the following test, based on the Supreme Court's holding in *Exxon Mobil*:
> [T]here are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.
> *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.2010) (quoting *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517). Furthermore, in formulating the four-part test, the court of appeals determined that the phrase "inextricably intertwined" neither created an additional legal test nor expanded the scope of the doctrine beyond challenges to state-court judgments. *Id.* at 170. Rather, "[t]he purpose of the [phrase had been] to highlight that a challenge to a judgment is barred even if the claim forming the basis of the challenge was not raised in the state proceedings." *Id.* (alteration to original) (citing *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1141 (10th Cir.2006)). Hence, the court of appeals opined that the phrase is no more than "a descriptive label attached to claims that meet the requirements outlined in *Exxon Mobil*." *Id.* at 170 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir.2005)).
> The court of appeals in *Great Western* found that the key to determining whether *Rooker–Feldman* barred a claim lies within the second and fourth requirements of the four-part test. 615 F.3d at 166. Essentially, the second requirement—plaintiff must complain of injuries caused by the state court judgment—is an inquiry into the source of the plaintiff's injury. *Id.* (citing *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d

Cir.2006)).

*See also McKnight v. Baker*, 343 F. Supp. 2d 422, 444-45 (E.D. Pa. 2004), affirmed, 244 Fed.Appx. 442 (3d Cir. 2007)("With reference to the *Rooker-Feldman* doctrine, district courts do not have jurisdiction over cases brought by a "state-court loser [ ] complaining of injuries caused by [a] state-court judgment[ ] rendered before the district court proceedings commenced and inviting district court review and rejection of [that] judgment[ ].")(citing *Exxon Mobil Corp.,* 544 U.S. at 284, 125 S.Ct. 1517).

Plaintiff is basically challenging the Commonwealth Court's Opinion with respect to his appeal of the Defendants' decisions to file disciplinary charges against him and to suspend his medical license. Plaintiff alleges that his constitutional rights were violated by the individual Defendants, the State Board and the State Court with respect to their decisions. Defendants state, "[t]he *Rooker-Feldman* doctrine disallows challenges that are the functional equivalent of an appeal of a state court judgment, which is the case here." (Doc. 7, p. 6).

Plaintiff contends that his claims are not barred by the *Rooker-Feldman* doctrine since he is claiming that his injuries were caused by the Defendants' actions and not the state court judgment. Plaintiff argues that he is not challenging the merits of the Board's decision and that he is merely challenging the process which the Board used in making its decision. In their reply brief, Defendants correctly point out that Plaintiff's instant Complaint does indeed challenge the merits of the Board's decision (as well as the merits of the Commonwealth Court's decision) and that Plaintiff alleges the Hearing Examiner arbitrarily and capriciously suspended his medical license. Defendants also correctly state that "when Plaintiff appealed the decision of the Board to the

Commonwealth Court, the Court addressed the same procedural due process claims that Plaintiff is trying to raise in this action ... ."  (Doc. 11, pp. 2-3).  (*See also* Doc. 7-1, Ex. A).   Additionally, the scope of the review of the Commonwealth Court regarding Plaintiff's appeal of the Board's decision and Orders, as we have quoted above, clearly encompassed the present claims which Plaintiff asserts.

Defendants also dispute Plaintiff's contention that his federal claims are not intertwined with the administrative decision of the Board to suspend his medical license.  Defendants state that "[a]ll of [Plaintiff's] claims were raised (or could have been raised) on appeal to the Commonwealth Court."  Defendants further maintain "[i]f this [federal] Court were to hold that the Board violated [Plaintiff's] federal due process rights in the manner in which his administrative claims were adjudicated it would in essence be attacking the state court's affirmation of the Board's decision." (Doc. 11, p. 3).  We agree with Defendants, in part, and find that some of Plaintiff 's instant claims are barred by the *Rooker-Feldman* doctrine since Plaintiff is partially seeking this federal Court to review the decision of the Commonwealth Court. Defendants state the "Plaintiff was afforded a pre-deprivation opportunity to be heard at a meaningful time and in a meaningful manner regarding his medical license.  The Commonwealth Court [] and the [PA] Supreme Court both rejected Plaintiff's claims on appeal." (Doc. 11, p. 4; Doc. 10, pp. 6-7). We find that any judgment in this case in favor of Plaintiff would require, in part, this federal Court to essentially find that the decisions of the Commonwealth Court and the PA Supreme Court to deny Plaintiff's appeals of the Board's decision to suspend his medical license were null and void, and would effectively overrule the Orders of these State Courts.  The Commonwealth Court and the PA Supreme Court

decisions regarding the Board's decision would have to be rejected and overruled, and the Board's decision would have to be found to have violated Plaintiff's due process rights, for Plaintiff to prevail on his requested relief.  As such, we find that Plaintiff is claiming, in part,  that his injuries were caused by the state court judgments and that these claims are barred by the *Rooker-Feldman* doctrine.

Additionally, to the extent Plaintiff is claiming that his injuries were caused by the Defendants' actions and not by the state court judgments, we find that these claims are barred by preclusion law, *i.e.*, the doctrine of *res judicata*.   (*See* Doc. 10, pp. 4-6).

In *Florimonte v. Bor. of Dalton*, 2014 WL 3114071, *4  n. 3 (M.D.Pa. July 7, 2014), the Court noted, "to the extent [Plaintiff's] claims are premised on the allegation that [his] injuries were caused by Defendants' conduct, *i.e.*, Defendants' allegedly unlawful taking of [his] property, the *Rooker-Feldman* doctrine  is not applicable." (citing *Cycle Chem, Inc. v. Jackson*, 465 Fed.Appx. 104, 108-09 (3d Cir. 2012)("for the *Rooker-Feldman* doctrine to apply, 'the injury must be caused by the state-court judgment, not the Defendant.  But when the source of the injury is the Defendant's actions (and not the state court judgments), the federal suit is not barred by  *Rooker-Feldman* doctrine, even if it asks the federal court to deny a legal conclusion reached by the state court.'"); *see also Mikhail v. Kahn*, 991 F.Supp.2d 596 (E.D.Pa. 2014). To the extent some of Plaintiff's claims are premised on the allegation that his injuries were caused by Defendants' conduct, we find that these claims are barred by preclusion law, *i.e.*, the doctrine of *res judicata*, as our Defendants maintain in their second argument. *Id*.("Of course, 'should the *Rooker-Feldman* doctrine not apply such that the district court has jurisdiction, [d]isposition of the federal action,

once the state-court adjudication is complete, would be governed by preclusion law.'" *Great W.*

*Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)(citation omitted)).

Thus, the Court in *Florimonte v. Bor. of Dalton* found that the constitutional claims of its Plaintiff,

which were premised on the allegation that her injuries were caused by Defendants' conduct,

were barred by preclusion law, *i.e.*, the doctrine of *res judicata*.

In the instant case, we find that insofar as some of Plaintiff's claims, *i.e.*, the claims which

are based on allegations that his injuries were caused by Defendants' conduct, are not barred by

the *Rooker-Feldman* doctrine, they are clearly barred by preclusion law, *i.e.*, the doctrine of *res*

*judicata*. In *Florimonte v. Bor. of Dalton*, 2014 WL 3114071, *3 the Court stated:

> "Claim preclusion, or *res judicata,* is a defense asserted when a case is
> essentially identical to one that has previously been adjudicated." *R & J
> Holding Co. v. Redevelopment Auth. of County of Montgomery,* 670 F.3d 420,
> 427 (3d Cir.2011). Though an affirmative defense, *res judicata* may be raised
> in a motion to dismiss. *Robinson v. Johnson,* 313 F.3d 128, 135 n. 3 (3d
> Cir.2002) (citing *Williams v. Murdoch,* 330 F.2d 745, 749 (3d Cir.1964)). A
> federal court is directed to "give the same preclusive effect to the judgment
> in the common pleas court case that the courts in Pennsylvania, the state in
> which the judgment was entered, would give." *Turner v. Crawford Square
> Apts. III, L.P.,* 449 F.3d 542, 548 (3d Cir.2006). As such, in Pennsylvania, *res
> judicata* requires that the present and former action share: "(1) the thing sued
> upon or for; (2) the cause of action; (3) the persons and parties to the action;
> and (4) the capacity of the parties to sue or be sued." *R & J Holding,* 670 F.3d
> at 427 (citation omitted). *"Res judicata* applies not only to claims actually
> litigated, but also to claims which could have been litigated during the first
> proceeding if they were part of the same cause of action." *Id.* (quoting *Balent
> v. City of Wilkes–Barre,* 542 Pa. 555, 669 A.2d 309, 313 (Pa.1995)). Under
> Pennsylvania law, "the doctrine of *res judicata* holds that a final valid judgment
> upon the merits by a court of competent jurisdiction bars any future suit
> between the parties or their privies, on the same cause of action." *Allegheny
> Intern., Inc. v. Allegheny Ludlum Steel Corp.,* 40 F.3d 1416, 1429 (3d
> Cir.1994) (internal quotations and citations omitted). And, significantly, "the
> Supreme Court of the United States has held that the doctrine of *res judicata*
> applies even though a plaintiff may view the first case as having been

erroneously decided." *Njie v. Livingston,* No. 08–2263, 2010 WL 569551, at
*5 (M.D.Pa. Feb.9, 2010) (citing *Federated Dep't Stores, Inc. v. Moitie,* 452
U.S. 394, 398–99, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)).

See also *See Elkadrawy v. Vanguard Group, Inc.,* 584 F.3d 169, 172-173 (3d Cir. 2009)(citation

omitted)(For res judicata to apply, the following elements must be found:   (1) a final judgment on

the merits in a prior suit; (2) involving the same  parties or their privies; and (3) a subsequent suit

based on the same cause of action.).


Based on our Plaintiff's previous action he initiated in the PA Commonwealth Court

challenging the decisions and Orders of the Board as well as the conduct of the individual

Defendants, we agree with Defendants and find that all of the requisite elements to meet *res

judicata* are present in the instant case.  As Defendants state, "[t]he issue that Plaintiff is now trying

to raise before this [federal] Court concerns the procedures surrounding the underlying

administrative hearing which resulted in the suspension of his [medical] license. [Plaintiff's] claims

challenging his hearing were already considered and dismissed by the [PA] Commonwealth Court

[] which were upheld by the [PA] appellate courts *[i.e.,* the PA Supreme Court]."  (Doc. 7, p. 9).

We find that the Commonwealth Court, a court of competent jurisdiction, issued a final valid

judgment upon the merits of Plaintiff's instant claims alleging that his injuries were caused by

Defendants' conduct, that these claims of Plaintiff are based on the same causes of action, and that

the doctrine of *res judicata* bars  the present action Plaintiff filed against the same parties.   *See

Jarvis v. Analytical Lab Servs.,* 499 Fed.Appx. 137, 139 (3d Cir. 2012)("The Court takes a broad

view to determine if two suits are based on the same cause of action, 'looking to whether there

is an 'essential similarity of the underlying events giving rise to the various legal claims.'")(citations omitted).   Clearly, in the present case, there is an "essential similarity of the underlying events giving rise to [Plaintiff's] various legal claims."   *Id*.

Further, Defendants correctly state in their reply brief that "Plaintiff's current Complaint relates to alleged procedural improprieties which were addressed (and dismissed) by the Board as well as the [PA] Commonwealth Court on appeal." (Doc. 11, p. 1).[4]   Additionally, Plaintiff clearly could have raised his present due process claims in the Commonwealth Court, including his claims that he was denied a fair hearing before a neutral and unbiased arbiter, since this Court noted that its scope of review on appeal included "**whether constitutional rights have been violated**." Doc. 7-1, Ex. A)(emphasis added).  Even if Plaintiff did not raise all of his present claims in his state court action, "*res judicata* applies to those claims as well because 'the mere inclusion of a new cause of action in a subsequent Complaint will not rescue a lawsuit from *res judicata* where the underlying events that give rise to the new allegations are essentially the same as those in the earlier action.'" *Florimonte v. Bor. of Dalton*, 2014 WL 3114071, *4(quoting *Jarvis v. Analytical Lab Servs.*, 499 Fed.Appx. 137, 139 (3d Cir. 2012)).   Thus, " *res judicata* bars not only those claims that were brought in a prior suit, but also those claims that could have been brought." *Jarvis v. Analytical Lab Servs.*, 499 Fed.Appx. at 139(citation omitted).   "The Complaints need not be identical." *Id*.

Accordingly, we will recommend that Defendants' Motion to Dismiss Plaintiff's Complaint **(Doc. 6)** be granted and that all of Plaintiff's claims be dismissed with prejudice.   We will also recommend that the Court close this case.

---

[4]Since Defendants, in their reply brief, accurately cite to the relevant allegations in Plaintiff's Complaint, we do not repeat them herein.  (Doc. 11, pp. 1-2).

## V.     RECOMMENDATION.

Initially, it is recommended that the Court grant Plaintiff's Motion for Leave of Court to file a Sur-Reply Brief **(Doc. 12)** and consider Plaintiff's Sur-Reply Brief.

Based on the foregoing, it is respectfully recommended that all of Plaintiff's claims for monetary damages against the individual Defendants in their official capacities be dismissed with prejudice.  It is recommend that Defendants PA State Board of Medicine and the PA Department of State be dismissed with prejudice.  Additionally, it is recommended that Defendants' Motion to Dismiss Plaintiff's Complaint **(Doc. 6)** be granted, and that Plaintiff's entire Complaint **(Doc. 1)** as against all Defendants be dismissed with prejudice.[5]   It is further recommended that the Court close this case.

 **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 29, 2014**

---

[5]Based on our discussion above, we do not recommend that Plaintiff be allowed to amend his pleading as to any Defendant and as to any claim since we find futility of any amendment. *See Ashton v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RICHARD P. GLUNK,                              :
                                               :      CIVIL ACTION NO. **1:CV-14-0659**
                                               :
                    Plaintiff                  :      (Judge Kane)
                                               :
               v.                              :      (Magistrate Judge Blewitt)
                                               :
                                               :
PA STATE BOARD OF MEDICINE, *et. al*,          :
                                               :
                                               :
                    Defendants                 :

## NOTICE

   **NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 29 2014**.

   Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

23

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


           **s/ Thomas M. Blewitt**
           **THOMAS M. BLEWITT**
           **United States Magistrate Judge**


**Dated: September 29, 2014**