IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD P. GLUNK, | : | |
|     Plaintiff | : | No. 1:14-cv-00659 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| PENNSYLVANIA STATE BOARD | : | |
| OF MEDICINE, et al., | : | |
|     Defendants | : | |
| | : | |
| | : | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Blewitt recommending that the Court dismiss Plaintiff Richard P. Glunk's complaint with prejudice. (Doc. Nos. 1, 13.)  Plaintiff has filed objections to Magistrate Judge Blewitt's recommendations. (Doc. No. 14.)  For the reasons that follow, the Court will adopt the Report and Recommendation in part and dismiss Plaintiff's complaint without prejudice.[1]

**I.   BACKGROUND**

This case concerns the Plaintiff-physician's protracted disciplinary proceedings before the Defendant-State medical board and its affiliates after the 2001 death of a teenage liposuction patient. (Doc. No. 1 ¶¶ 22-27.)  Plaintiff, a plastic surgeon, alleges that Defendants violated his constitutional rights in the course of the disciplinary process. (Id.)  Plaintiff names as defendants the state medical licensing agency, the Pennsylvania Department of State, and several

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

individuals involved in investigating and prosecuting Plaintiff's cases. (Id.)

Long after the 2001 death of a high-profile patient, the Commonwealth of Pennsylvania brought two disciplinary actions against Plaintiff within the medical board administrative system, first in 2006 and then again in 2009. (Doc. No. 13 at 4-5.) The first concerned allegations that Plaintiff's medical performance fell below minimum acceptable standards of care, and that proceeding was ultimately dismissed on the merits. (Doc. No. 1-1 at 9.) The second concerned allegations that Plaintiff made improper overtures and financial contributions to members of the adjudicative medical board in connection with the first proceeding. (Doc. No. 13 at 4-5.) In 2010, the board, acting through a designee, found Plaintiff guilty of misconduct, suspended his medical license for 60 days and fined him $5,000. Glunk v. State Bd. of Med., No. 10-2730, 2011 WL 10893899, at *1 (Pa. Commw. Ct. June 15, 2011). The board determined, and the Commonwealth Court affirmed on appeal, that Plaintiff was subject to discipline for "meeting with a Board member, making a contribution to a political campaign supported by and through the Board member, and making a contribution to the Board member's synagogue with intent to influence [the medical board's decision]." Id. The Pennsylvania Supreme Court denied Plaintiff's appeal from the Commonwealth Court. (Doc. No. 1 ¶ 108.)

Nearly three years later, on April 7, 2014, Plaintiff filed his complaint in this action, arguing that the procedures used in his second disciplinary proceeding violated his due process rights. (Id. ¶¶ 93-95.) According to Plaintiff, the medical board improperly designated a single hearing officer to conduct the proceedings, and the hearing officer had an established bias against him. (Id. ¶¶ 51-55.) Plaintiff also claims that he was denied the usual right to appeal the hearing officer's decision to the medical board. (Id. ¶ 58.) Plaintiff argues that he was denied

the process due to him under Pennsylvania administrative procedure and the United States Constitution during the course of the defective proceedings. (Id. ¶¶ 105-107.)

On June 12, 2014, Defendants filed a motion to dismiss Plaintiff's entire complaint with prejudice based on the Rooker-Feldman doctrine and res judicata. (Doc. No. 6.) On September 29, 2014, Magistrate Judge Blewitt issued a Report and Recommendation, recommending that the Court grant Defendants' motion and dismiss Plaintiff's complaint with prejudice. (Doc. No. 13.) Plaintiff filed objections to Magistrate Judge Blewitt's Report and Recommendation on October 17, 2014. (Doc. No. 14.)

## II.  LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of

pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

### III. DISCUSSION

Magistrate Judge Blewitt makes three substantive findings counseling dismissal of Plaintiff's action: (1) most of Plaintiff's complaint is barred under state sovereign immunity (Doc. No. 13 at 10), (2) the Commonwealth Court proceedings have a preclusive effect on this Court's consideration of Plaintiff's constitutional claim (id. at 19), and (3) the Court lacks jurisdiction over much of Plaintiff's complaint under the Rooker-Feldman doctrine (id. at 13-14). Plaintiff does not object to Magistrate Judge Blewitt's conclusions about state sovereign immunity, and Plaintiff raises only perfunctory objections to Magistrate Judge Blewitt's findings that Rooker-Feldman and preclusion bar his claims in this Court. (See e.g., Doc. No. 14 at 6.) ("The required elements of res judicata are not present. Dr. Glunk's injuries are the result of the Defendant's actions and Rooker-Feldman does not apply.") (citations omitted). Instead, Plaintiff argues for the first time that he has uncovered evidence since the disposition of his disciplinary

case that reveals a broader conspiracy among the medical board and its affiliates. (See e.g., id. at 2-3.) ("This case is the result of Dr. Glunk finding out in 2011 . . . that his license was suspended to justify the jobs of at least three members of the Department of State who were testifying before the grand jury in the Kermit Gosnell case . . . ."). According to Plaintiff, Defendants' bad acts "were intentionally hidden from [Plaintiff] prior to the hearing officer's and Commonwealth Court Ruling [so] [t]here was no opportunity for [Plaintiff] to raise these issues at the state trial court level." (Id. at 6.) Plaintiff includes affidavits and other attachments with his objections, presumably in support of the new material. (See id. at 8-26.) The Court turns first to Magistrate Judge Blewitt's recommendations and Plaintiff's objections to them, and then addresses the new material Plaintiff has raised.

      a.    **Report and Recommendation**

Magistrate Judge Blewitt first recommends that the Court dismiss Plaintiff's claims for monetary damages against the individual defendants in their official capacities as well as the institutional defendants, because those claims are barred by Eleventh Amendment state sovereign immunity. (Doc. No. 13 at 10-13.) Plaintiff does not specifically object to this portion of the Report and Recommendation. Unless Congress has acted under its 'enforcement' authority or unless the state has consented, the Eleventh Amendment bars all suits by private individuals against a state for money damages. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 72 (1996). The doctrine protects agencies and arms of the state, Welch v. Texas Dept. of Highways and Public Transp., 483 U.S. 468, 480 (1987), as well as state officials sued in their official capacities, Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). In his complaint, Plaintiff seeks equitable and injunctive relief against Defendants as well as money damages.

(Doc. No. 1 ¶¶ 1, 112.)  Therefore, Plaintiff's claims will be dismissed to the extent that he states claims for money damages against the state defendants, including individuals sued in their official capacities.

Magistrate Judge Blewitt also recommends that the Court find that res judicata bars Plaintiff's claims based on the prior adjudication of the medical board and subsequent Commonwealth Court opinion affirming the same.  (Doc. No. 13 at 18.)  Plaintiff's only response is a cursory statement that the elements of res judicata are not met in this case.  (Doc. No. 14 at 6.)  Claim preclusion bars an unsuccessful defendant from re-litigating those claims that the defendant raised or could have raised in a prior adjudication, and a federal court applies the preclusion law of the state whose court rendered the prior judgment.[2]  Allegheny Intern., Inc. v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1429 (3d Cir. 1994).  To apply claim preclusion under Pennsylvania law, the prior adjudication and the current proceeding must share four elements: (1) the thing sued for, (2) the cause of action, (3) the parties; (4) and "the quality in the persons for or against whom the claim is made."  Id. (quoting City of Pittsburgh v. Zoning Bd. of Adjustment, 559 A.2d 896, 901 (Pa. 1989)).  As noted by Magistrate Judge Blewitt, the Commonwealth Court considered "whether [Plaintiff's] constitutional rights have been violated," when it affirmed the state medical board's decision imposing sanctions on Plaintiff.  (Doc. No. 13 at 14) (quoting Glunk v. State Bd. of Med., No. 10-2730, 2011 WL 10893899, at *1 n.1 (Pa. Commw. Ct. June 15, 2011)).  The Court agrees with Magistrate Judge Blewitt that, based on the record as it existed before Plaintiff filed objections, res judicata bars Plaintiff's

---

[2] The Court uses the term, claim preclusion, from the Restatement (Second) of Judgments instead of the term, res judicata.  See Hebden v. W.C.A.B. (Bethenergy Mines, Inc.), 632 A.2d 1302, 1304 (Pa. 1993).

claims. The Commonwealth Court ruled on the question of Plaintiff's due process rights in its opinion affirming the medical board. In addition, Defendants here were prosecutors in the other case, or in privity with the prosecuting entity. Therefore, the Court finds that claim preclusion bars the claims in Plaintiff's complaint, and will adopt Magistrate Judge Blewitt's Report and Recommendation on that point.

Magistrate Judge Blewitt also recommends that Plaintiff's complaint be dismissed based on the Rooker-Feldman doctrine. According to Magistrate Judge Blewitt, because the Commonwealth Court upheld the medical board's disposition of his second disciplinary proceeding, Plaintiff's constitutional challenge with this Court would amount to an impermissible appeal of the state court judgment. (Doc. No. 13 at 13-18.) Plaintiff objects, citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), for the proposition that so long as a federal plaintiff presents an "independent claim," the Rooker-Feldman doctrine does not operate to deprive a federal district court of jurisdiction over his case. Since Exxon in 2005, courts have applied Rooker-Feldman with increasing trepidation, and only in the clearest of circumstances. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547-548 (3d Cir. 2006). The doctrine applies when a state court loser complains of injuries caused by the judgment of a state court that was rendered before the federal proceedings, and when disposition of the plaintiff's complaint would require the federal court to review and reject the state court judgment. Id. (quoting Exxon, 544 U.S. at 284). Here, Plaintiff is not consistent or entirely clear in his application for relief. (Compare Doc. No. 1 ¶ 1 with ¶ 112). However, on the face of the complaint, Plaintiff does not ask this Court to directly overturn the Commonwealth Court of Pennsylvania, and given the trend in appellate jurisprudence away from the Rooker-Feldman

doctrine as well as the uncertainty surrounding the nature of Plaintiff's requested relief, the Court does not find that the Rooker-Feldman doctrine operates to deprive this Court of jurisdiction. As a result, the Court will not adopt Magistrate Judge Blewitt's Report and Recommendation on this issue.

      b.     **Plaintiff's New Matter**

Through his objections, Plaintiff seems to labor under the misconception that his complaint may be saved through a subsequent ancillary filing justifying and bolstering its contents. A complaint "starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." Complaint, Black's Law Dictionary (9th ed. 2009.) On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Under the Magistrate Act, the Court will re-consider de novo those portions of the Report and Recommendation to which objection has been made. See 28 U.S.C. § 636(b)(1). But it necessarily follows that those objections are not a vehicle for the introduction of facts and concepts that a magistrate judge could not have considered, because they were not before him or her. Plaintiff has inappropriately raised new factual allegations in objection to Magistrate Judge Blewitt's Report and Recommendation, rather than incorporating them into his pleadings.

However, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Plaintiff's

objections, while rich in new factual allegations, cannot save his complaint from dismissal. But because Plaintiff has raised new matter not considered by Magistrate Judge Blewitt, and because Plaintiff proceeds <u>pro se</u>, the Court will not adopt that portion of Magistrate Judge Blewitt's Report and Recommendation urging dismissal with prejudice. Instead, Plaintiff's complaint will be dismissed without prejudice, and he will be afforded the opportunity to re-plead his allegations to address the pleading deficiencies identified above.

## IV.    CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Blewitt's Report and Recommendation in part and dismiss Plaintiff's complaint without prejudice. An order consistent with this memorandum follows.