**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD P. GLUNK, MD,** | : | **CIVIL NO. 1:14-CV-659** |
| | : | |
| **Plaintiff,** | : | **(Judge Kane)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA STATE BOARD** | : | |
| **OF MEDICINE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, who is proceeding *pro se,* is a doctor who was administratively prosecuted by the State Board of Medicine in connection with the death of one of his patients. In February 2009 the Board held that the Commonwealth failed to prove plaintiff was guilty of unprofessional misconduct concerning the patient's death. In September 2009 the Commonwealth filed another Order to Show Cause against plaintiff charging that he was subject to disciplinary action based on claims that he tried to bribe a member of the board in connection with the prior Board adjudication. After a full hearing, plaintiff was found guilty of misconduct and had his license

1

suspended for 60 days. Plaintiff appealed that decision to the Pennsylvania State Supreme Court which upheld the decision to suspend his license.

This civil lawsuit then ensued. Glunk filed an amended complaint on April 6, 2015. (Doc. 23.) The defendants then filed a battery of motions to dismiss claims and parties from that complaint. (Docs. 43, 45, and 47.) The defendants also sought to stay discovery until these preliminary legal objections were resolved. (Doc. 49.)

Glunk responded to these filings by submitting another amended complaint to the Court, an amended complaint which purported to address the legal deficiencies cited by the defendants. (Doc. 52.) Glunk neglected to seek the leave of court prior to filing this pleading, inspiring a motion by the defendants to strike this amended complaint. (Doc. 53.) Glunk then responded to this motion to strike by filing his own motion for leave to file another amended complaint, (Doc. 56.), which the defendants have opposed.

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. Fed. R. Civ. P., Rule 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A) and (B). "In all other cases, a

party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Presented with this welter of pleadings, and in order to establish an orderly process to this litigation, IT IS ORDERED as follows:

First, since Glunk's failed to seek leave of court as required by the rules of this court prior to filing the amended complaint docketed at Doc. 52, the motion to strike this amended complaint is GRANTED. (Doc. 53.)

Second, since Glunk subsequently properly moved to amend his complaint, and recognizing that leave to amend should be liberally given "when justice so requires." Fed. R. Civ. P. 15(a)(2), this motion for leave to amend (Doc. 56.) is GRANTED, and the clerk is directed to file the proposed amended complaint tendered by the plaintiff as Docs. 55-2 and 55-3, as the second amended complaint in this matter.

The plaintiff is instructed that, absent extraordinary circumstances, no further leave to amend will be authorized in this case. The Court also acknowledges that defendants opposed this motion arguing that this amendment would be futile. We recognize that, "'[a]mong the grounds that could justify a denial of leave to amend are . . . futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993).

'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). While it may be that some or all of Glunk's claims may be subject to legal objections, in the exercise of our discretion with respect to this *pro se* plaintiff we believe that the better course is to permit this final amendment, without prejudice to the filing of motions to dismiss this second amended complaint. Therefore, this motion for leave to amend is granted without prejudice to the filing of renewed motions to dismiss this second amended complaint.

We believe that this development has substantive significance for the parties with respect to the motions to dismiss the prior complaint filed in this case (Docs. 43, 45, and 47.) since, as a matter of law, an amended complaint takes the place of the prior complaint, effectively invalidating any prior complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Since the complaint in this case has been amended, the prior complaint is now a

nullity, and any motion to dismiss challenging that prior complaint is now moot. Therefore, we will DISMISS the pending motions to dismiss the plaintiff's prior complaint (Docs. 43, 45, and 47.) as moot.

Finally, we note that the defendants have moved to stay discovery pending resolution of these preliminary legal objections to Glunk's complaint. (Doc. 49.) This motion to stay is GRANTED. Our broad discretion over discovery matters extends to decisions relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Briefly deferring discovery in such a case, while the Court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the Court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that discovery should be stayed at this time pending the filing and resolution of motions to dismiss the claims set forth in the second amended complaint which we have authorized Glunk to file.

An appropriate order follows.

IT IS ORDERED as follows:

1. Since Glunk failed to seek leave of court as required by the Rules of this Court prior to filing the amended complaint docketed at Doc. 52, the motion to strike this amended complaint is GRANTED. (Doc. 53.)

2. Since Glunk subsequently properly moved to amend his complaint, and recognizing that leave to amend should be liberally given "when justice so requires." Fed. R. Civ. P. 15(a)(2), this motion for leave to amend (Doc. 56.) is GRANTED, and the clerk is directed to file the proposed amended complaint tendered by the plaintiff as Docs. 56-2 and 56-3, as the second amended complaint in this matter. This motion for leave to amend is granted without prejudice to the filing of renewed motions to dismiss this second amended complaint.

3. Since the complaint in this case has been amended, the prior complaint is now a nullity, and any motion to dismiss challenging that prior complaint is now moot. Therefore, we DISMISS the pending motions to dismiss the plaintiff's complaint (Docs. 43, 45, and 47.) as moot.

4. The defendants' motion to stay discovery (Doc. 49.) pending the filing and resolution of motions to dismiss the claims set forth in the second

amended complaint which we have authorized Glunk to file is GRANTED.

So ordered this 30th day of October, 2015.

                                         ***S/Martin C. Carlson***
                                         Martin C. Carlson
                                         United States Magistrate Judge