## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD P. GLUNK, MD,** | : | **CIVIL NO. 1:14-CV-659** |
| | : | |
| **Plaintiff,** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA STATE BOARD** | : | |
| **OF MEDICINE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The Plaintiff, who is proceeding *pro se,* is a doctor who was administratively

prosecuted by the State Board of Medicine in connection with the death of one of his

patients.  In February 2009 the Board held that the Commonwealth failed to prove

Plaintiff was guilty of unprofessional misconduct concerning the patient's death.  In

September 2009 the Commonwealth filed another Order to Show Cause against

Plaintiff charging that he was subject to disciplinary action based on claims that he

tried to bribe a member of the board in connection with the prior Board adjudication.

After a full hearing, Plaintiff was found guilty of misconduct and had his license

suspended for 60 days.  Plaintiff appealed that decision to the Pennsylvania State Supreme Court which upheld the decision to suspend his license.

This civil lawsuit then ensued.  There have been several halting efforts by Glunk to pursue these claims, halting efforts that have been embodied in a series of amended complaints.  Currently, the operative pleading in this case is a document styled second amended complaint, filed by Glunk on October 30, 2015.  (Doc. 66.) One recurring theme in these pleadings has been that many of Glunk's proposed complaints have named state agencies as defendants.  This theme continues in the current, second amended complaints, which includes the Pennsylvania State Board of Medicine and the Pennsylvania Department of State as named defendants.  (Doc. 66.)

As it relates to the Defendants the Pennsylvania State Board of Medicine and the Pennsylvania Department of State Plaintiff has already been told by this Court on at least three times that his constitutional claims against these state agencies are barred under the Eleventh Amendment (Doc. 13, pg. 11, by Magistrate Judge Blewitt; Doc. 15. Pag. 5, Judge Kane; Doc. 21, pg. 2, Magistrate Judge Carlson).  Glunk v. Pennsylvania State Bd. of Med., No. 1:14-CV-00659, 2015 WL 631025, at *3 (M.D. Pa. Feb. 12, 2015).  Despite these repeated admonitions, Glunk's latest complaint persists in naming these state agencies as defendants.  (Doc. 66.)  Accordingly, the

defendants Pennsylvania State Board of Medicine and the Pennsylvania Department

of State have now filed a motion seeking to be dismissed from this case.  (Doc. 71.)

Glunk has not opposed this motion, and upon consideration of this motion we agree

and recommend dismissal of the Pennsylvania State Board of Medicine and the

Pennsylvania Department of State from this lawsuit.

## II.    Discussion

Dismissal of the Pennsylvania State Board of Medicine and the Pennsylvania

Department of State from this litigation is appropriate for two reasons.  At the outset,

under the Local Rules of this Court the Plaintiff is deemed to concur in this summary

judgment motion, since the Plaintiff has failed to timely oppose the motion.  This

procedural default completely frustrates and impedes efforts to resolve this matter in

a timely and fair fashion, and under the Rules of this Court warrants dismissal of the

action, since  Local Rule 7.6 of the Rules of this Court imposes an affirmative duty

on the Plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary
> judgment, shall file a brief in opposition within fourteen (14) days after
> service of the movant's brief, or, if a brief in support of the motion is not
> required under these rules, within seven (7) days after service of the
> motion. *Any party who fails to comply with this rule shall be deemed
> not to oppose such motion*. Nothing in this rule shall be construed to
> limit the authority of the court to grant any motion before expiration of
> the prescribed period for filing a brief in opposition. A brief in
> opposition to a motion for summary judgment and LR 56.1 responsive

statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'   Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704,  2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010).   In this case the Plaintiff has not complied with the Local Rules, or this Court's orders, by filing a timely response to this motion.  Therefore, these procedural defaults by the Plaintiff compel the Court to consider:

> [A] basic truth:  we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1.  Often that will mean that courts should strive to resolve cases on their merits whenever possible.  However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998).

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system.  A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached,

"would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion'." Id.  Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.  These basic tenets of fairness apply here.  In this case, the Plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to the motion to dismiss.  Therefore, we should deem the Plaintiff to not oppose this motion.

Furthermore, on its merits, it is apparent that claims against these state agencies are barred by the Eleventh Amendment to the Constitution, a fact which we have previously noted, and which the Plaintiff has in the past conceded.  Glunk v. Pennsylvania State Bd. of Med., No. 1:14-CV-00659, 2015 WL 631025, at *3 (M.D. Pa. Feb. 12, 2015).  Therefore, with respect to these state agency defendants, Glunk's second amended complaint fails on its merits and should be dismissed.

## III.   Recommendation

For the foregoing reasons, IT IS RECOMMENDED that the Defendants' motion to dismiss, (Doc. 71.) be GRANTED and Pennsylvania State Board of

Medicine and the Pennsylvania Department of State be DISMISSED from this lawsuit.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of March 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge