IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD P. GLUNK, | : | |
| Plaintiff | : | No. 1:14-cv-00659 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Carlson) |
| PENNSYLVANIA STATE BOARD | : | |
| OF MEDICINE, et al., | : | |
| Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the September 12, 2016 Report and Recommendation of Magistrate Judge Carlson (Doc. No. 100), together with an appeal filed by Plaintiff Richard P. Glunk, M.D. (Doc. No. 101). The Court will adopt the Report and Recommendation in its entirety.

In the Report and Recommendation, Magistrate Judge Carlson recommends that this Court grant Defendants Bates and Petrosky's Rule 12(b)(6) motion to dismiss (Doc. No. 72), Defendants Demarest, Greenwald, Grubb, Maloney and McKeever's Rule 12(b)(6) motion to dismiss (Doc. No. 73), and Defendants Blackburn, Dade, Doherty, Howell, Marks, Merenda, and Vessalla's Rule 12(b)(6) motion to dismiss (Doc. No. 74). Magistrate Judge Carlson also recommends that Plaintiff's second amended complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. No. 100 at 10, 13-14.)

Specifically, Magistrate Judge Carlson reasons that: (1) Plaintiff's second amended complaint violates Federal Rule of Civil Procedure 8 (Doc. No. 100 at 16); (2) the second amended complaint should be dismissed pursuant to "the law of the case doctrine, res judicata, collateral estoppel and issue preclusion principles" to the extent Plaintiff seeks to re-litigate "previously litigated claims" (id. at 16, 21); (3) Plaintiff's malicious prosecution claims are

1

barred under the favorable termination rule announced in Heck v. Humphrey (see id. at 23-24); and (4) Plaintiff has failed to "state a viable procedural due process claim" (id. at 24-28).

On August 29, 2016, Plaintiff filed an appeal of Magistrate Judge Carlson Report and Recommendation (Doc. No. 101) and submitted a brief in opposition to the Report and Recommendation (Doc. No. 101-1).[1] Plaintiff argues that: (1) Plaintiff does not seek to re-litigate previously litigated claims and the doctrine of res judicata does not apply (Doc. No. 101-1 at 7, 18-19, 23); (2) Magistrate Judge Carlson did not view the second amended complaint in the light most favorable to Plaintiff (id. at 9); (3) Magistrate Judge Carlson has "fabricated 'facts'" and evidenced bias (id. at 8-9, 12); (4) the second amended complaint does not violate Federal Rule of Civil Procedure 8 (id. at 17-18); (5) the favorable termination rule does not apply (id. at 19); and (6) the second amended complaint adequately alleges that Defendants violated Plaintiff's right to procedural due process (id. at 20-22, 24-25).[2]

Upon review of the Report and Recommendation, the Court finds that Magistrate Judge Carlson correctly and comprehensively addressed the substance of Defendants' objections in the Report and Recommendation.  The Court will not write separately to address Defendants'

---

[1] The Court construes Plaintiff's appeal and brief in opposition as timely objections to the Report and Recommendation.  (Doc. Nos. 101, 101-1.)

[2] Plaintiff also appears to challenge Magistrate Judge Carlson's earlier non-dispositive orders.  (Doc. No. 101-1 at 9, 11.)  Plaintiff contends that Magistrate Judge Carlson "prevented Plaintiff from obtaining the email chain that would prove the falsity in Magistrate Judge Carlson's fabrication" (id. at 9; see id. at 11) (citing Doc. Nos. 65, 68, 75, 95, 239.)  Local Rule 72.2 provides that:
> Any party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge of the case, within fourteen (14) days after issuance of the magistrate judge's order, unless a different time is prescribed by the magistrate judge or a judge.

M.D. Pa. L.R. 72.2.  The Court declines to address Plaintiff's appeal of Magistrate Judge Carlson's October 30, 2015 memorandum order (Doc. No. 65), November 19, 2015 memorandum order (Doc. No. 68), December 1, 2015 order (Doc. No. 75), and March 11, 2016 memorandum order (Doc. No. 95), as such appeals are untimely.  M.D. Pa. L.R. 72.2

objections.  **AND NOW**, upon independent review of the record and applicable law, on this 30th day of September 2016, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Carlson's Report and Recommendation (Doc. No. 100), is **ADOPTED**;

2. Defendants Ollice Bates and Sara Petrosky's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 72), is **GRANTED**;

3. Defendants Andrew Demarest, Mark Greenwald, David Grubb, Kerry Maloney and Joyce McKeever's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 73), is **GRANTED**;

4. Defendants Thomas Blackburn, Steven Dade, Tammy Doherty, Sabina Howell, Peter Marks, Basil Merenda, and Mark Vessalla's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 74), is **GRANTED**;

5. Plaintiff's second amended complaint (Doc. No. 66), is **DISMISSED WITH PREJUDICE**.  The Court finds that permitting Plaintiff Richard P. Glunk, M.D. to file a third amended complaint would be futile; and

6. The Clerk of Court is directed to close the above-captioned case.

                                      s/ Yvette Kane
                                      Yvette Kane, District Judge
                                      United States District Court
                                      Middle District of Pennsylvania